## EDMUND S. HOLBROOK
## *v.*
## BENJAMIN S. PRETTYMAN *et al.*

1. CHANCERY PRACTICE — *irregular practice.* Where a defendant to a bill in chancery, was ruled to answer within a certain time, and after the expiration of the rule, filed his answer, and afterward obtained leave to amend it, but, instead thereof, filed a cross-bill, and took a rule upon complainant in the original bill, to answer *instanter*, and at the same time, and in the same order, took a *pro confesso* decree upon his cross-bill, granting him affirmative relief,— *held*, that the complainant should have had had a reasonable time given him, to answer the cross-bill. That under such circumstances, to allow defendant to take a *pro confesso* decree *instanter*, was irregular and unreasonable.

2. SAME. In such case, while leave to file an amended answer was pending, and the amended answer was not filed, the complainant was under no obligation to reply to the original answer.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. JAMES HARRIOTT, Judge, presiding.

This was a bill in chancery, filed by the plaintiff in error, Edmund S. Holbrook, against the defendants in error, Benjamin S. Prettyman, and others, in the Circuit Court of Tazewell county. The sole question presented by the record is as to the regularity of the proceedings had in the cause in the court below, the facts concerning which are fully stated in the opinion.

Mr. E. S. HOLBROOK, *pro se.*

Mr. B. S. PRETTYMAN, *pro se.*

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In this case the defendant was ruled, on the 9th of September, 1864, to answer in sixty days. He filed an answer November 10th, in vacation, and after the expiration of the rule. At the next term of the court he took leave to amend his answer, and, on the last day of the term, without filing the amended answer, filed a cross-bill, took a rule to answer

*instanter*, and at the same, and in the same order, took the cross-bill for confessed, and took a final decree in his favor, granting him affirmative relief upon his cross-bill.

It was irregular, while the cause was in this condition, to give the defendant a rule on the complainant to answer *instanter* and a decree *pro confesso* for want of such answer. The defendant had himself filed his answer to the original bill after the expiration of the rule, and had then asked leave to amend it. While this leave was pending and the amended answer not filed, the complainant was under no obligation to file a replication to the original answer. To allow the defendant thus circumstanced to file a cross-bill, and take a *pro confesso* decree *instanter*, thus disposing of the entire cause in his own favor, was very unreasonable. A reasonable time should have been given the complainant to answer the cross-bill.

*Decree reversed.*